# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SELWYN D. SANDERSON,
               Appellant,

       v.

UNITED STATES POSTAL SERVICE,
               Agency.

DOCKET NUMBER
SF-0752-19-0470-I-1

DATE: June 27, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Selwyn D. Sanderson</u>, Houston, Texas, pro se.

<u>Michael R. Tita</u>, Esquire, and <u>Roderick Eves</u>, St. Louis, Missouri, for the
   agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to consider the length of the filing delay in determining whether the appellant has shown good cause for the untimely filing of his appeal and to consider the potential effect of the Servicemembers Civil Relief Act of 2003 (SCRA), we AFFIRM the initial decision.

We affirm the administrative judge's findings that the appellant's appeal was untimely filed and that he has failed to show good cause for the untimely filing, as modified to consider the length of the filing delay.

An appellant bears the burden of proving by preponderant evidence[2] the timeliness of his Board appeal. 5 C.F.R. § 1201.56(b)(2)(i)(B). In cases such as this removal appeal, when the appellant has filed a formal complaint of discrimination with the agency in connection with a matter otherwise appealable to the Board, the appeal must be filed within 30 days after he receives the agency resolution or final decision on the discrimination issue. *Brown v. U.S. Postal Service*, 106 M.S.P.R. 12, ¶ 8 (2007); 5 C.F.R. § 1201.154(b)(1).

For the reasons discussed in the initial decision, we agree with the administrative judge's finding that the appellant's removal appeal was untimely

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

filed.    Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 5-6. Specifically, the administrative judge found that the undisputed record reflects that the appellant filed a formal equal employment opportunity (EEO) complaint concerning his January 2016 removal and that he received the agency's final agency decision (FAD) on April 6, 2019.[3]   ID at 6; IAF, Tab 6 at 14-25, 106-10. The administrative judge further found that this removal appeal was due on or before May 6, 2019, which was the 30th day after April 6, 2019.  ID at 6; *see* 5 C.F.R. §§ 1201.23, 1201.154(b)(1).  In addition, the administrative judge found that the undisputed record reflects that the appellant electronically filed this appeal on June 4, 2019.  ID at 6; IAF, Tab 1; *see* 5 C.F.R. § 1201.4(*l*).  Therefore, the administrative judge found that this appeal was "untimely filed by at least one day."  ID at 6.

The time limit for appealing an agency action to the Board may be waived by the Board if the appellant demonstrates good cause for such waiver by preponderant evidence.  *Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1581 (Fed. Cir. 1994); *see* 5 C.F.R. §§ 1201.12 (providing that an administrative judge may waive a Board regulation for good cause shown), 1201.22(c) (providing that the Board will dismiss an untimely filed appeal unless a good reason for the delay is shown).  Although the administrative judge here correctly discussed the factors set forth in *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table), that the Board considers in making a good cause determination, he erroneously failed to consider the length of the filing delay.  ID at 6; *see Walls*, 29 F.3d at 1582 (instructing the Board to consider the length of the delay in every good cause determination).  Therefore, we modify the initial decision as follows to consider

---

[3] We defer to the agency's implicit finding that the appellant's EEO complaint was timely filed.  IAF, Tab 6 at 15 n.1; *see Cloutier v. U.S. Postal Service*, 89 M.S.P.R. 411, ¶ 6 (2001) (observing that the Board defers to the employing agency and the Equal Employment Opportunity Commission's determinations regarding the timeliness of discrimination complaints).

the length of the filing delay in determining whether the appellant has shown good cause for the untimely filing of his appeal.

For the reasons explained above and in the initial decision, we agree with the administrative judge's findings that the deadline for filing this removal appeal was May 6, 2019, and the appellant filed this appeal on June 4, 2019. ID at 6. Thus, we find that the length of the filing delay is 29 calendar days. We further find that the length of the appellant's 29-day filing delay does not weigh in his favor because it is significant. *See Summerset v. Department of the Navy*, 100 M.S.P.R. 292, ¶ 7 (2005) (finding a 33-day filing delay significant). Considering the significant length of the delay together with the other relevant factors addressed in the initial decision, such as the appellant's pro se status, we agree with the administrative judge's finding that the appellant has failed to show good cause for the untimely filing of his appeal. ID at 6-8; *see, e.g.*, *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (finding that, although the appellant's pro se status was a factor weighing in his favor, it was insufficient to excuse his unexplained, 14-day filing delay). In particular, the administrative judge noted that the agency's FAD expressly informed the appellant that he had to file a Board appeal "no later than thirty (30) days of the date of receipt of this decision." ID at 7; IAF, Tab 6 at 24-25. Further, the administrative judge found that the appellant did not adequately set forth any factors addressing his ability to timely file this appeal. ID at 7.

The appellant has failed to provide a basis to disturb the initial decision.

For the first time on review, the appellant argues that he "tried to reach out for help on this MSPB filing" from several attorneys, but they responded, "it was too expensive, time consuming and they had a high case load." Petition for Review (PFR) File, Tab 1 at 4. Further, he claims that he was on a military assignment on a "grand scale," providing logistical support and serving as an instructor for the Global Medic exercise. *Id.* at 4, 10-12. In particular, he asserts that he was responsible for over 3 million dollars in medical supplies needed for

this exercise and that he collaborated with other members of his unit to create real-world combat scenarios. *Id.* at 4. He argues that, after preparing for this time-consuming exercise and while getting ready to travel, he "realized this MSPB document" and "sent [his] response even if it was past due." *Id.* In addition, he states that he received an achievement award for the exercise and a promotion. *Id.*

To support his arguments, the appellant has included the following documentation for the first time on review: (1) a September 17, 2018 Army memorandum contemplating revised Battle Assembly dates for fiscal year 2019; (2) a February 20, 2019 Army order to report for 20 duty days on June 8, 2019; (3) a March 13, 2019 Army order amending a prior order to reflect a 2-day duty period beginning January 28, 2019; (4) a March 27, 2019 Army order to report for 13 duty days on April 14, 2019; (5) a March 29, 2019 Army order to report for 6 duty days on March 31, 2019; (6) an undated article about the June 2019 Global Medic exercise; (7) a June 22, 2019 certificate of achievement for providing training during the 2019 Global Medic exercise; and (8) a June 27, 2019 Army order documenting his promotion to a higher rank effective July 1, 2019.[4] PFR File, Tab 1 at 5-15, Tab 4 at 5, Tab 5 at 9-10.

The appellant has not explained why, despite his due diligence, he was unable to provide the arguments or evidence described above prior to when the record before the administrative judge closed. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it

_____

[4] The appellant also has included a copy of the Office of the Clerk of the Board's September 12, 2019 letter acknowledging his petition for review. PFR File, Tab 2, Tab 5 at 4-8.

was unavailable before the record was closed despite the party's due diligence). Nevertheless, even considering such arguments and evidence, we find they do not change the outcome of this appeal for the following reasons. *Cf. Brown*, 106 M.S.P.R. 12, ¶¶ 3, 10, 12 (reopening the appellant's removal appeal to consider the SCRA's effect on the timeliness issue when he presented for the first time on review evidence and argument that his appeal was timely filed as a result of his military duty).

The SCRA applies to active-duty servicemembers as well as to reserve members of the uniformed services who are "ordered to report for military service." 50 U.S.C. § 3917(a); *Brown*, 106 M.S.P.R. 12, ¶ 13. The tolling provision of the SCRA provides:

> The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

50 U.S.C. § 3936(a); *see Neighoff v. Department of Homeland Security*, 122 M.S.P.R. 86, ¶¶ 6-10 (2015) (applying the SCRA tolling provision to Board proceedings); *Brown*, 106 M.S.P.R. 12, ¶¶ 12-16 (same). The Board has held that a showing of military service under the SCRA and its predecessor the Soldiers' and Sailors' Civil Relief Act of 1940 (SSCRA) automatically tolls the filing period. *Neighoff*, 122 M.S.P.R. 86, ¶ 10; *see Brown*, 106 M.S.P.R. 12, ¶ 13. The SCRA defines "military service" in the case of a servicemember as "active duty," as defined at 10 U.S.C. § 101(d)(1). 50 U.S.C. § 3911(2)(A)(i); *Brown*, 106 M.S.P.R. 12, ¶ 13. In turn, title 10 defines "active duty" as "full-time duty in the active military service of the United States" and includes "full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned." 10 U.S.C. § 101(d)(1); *Brown*, 106 M.S.P.R. 12, ¶ 13.

Here, the Army's March 27, 2019 order for the appellant to report for active-duty training school for 13 duty days on April 14, 2019, suggests he performed "active duty" service under 10 U.S.C. § 101(d)(1).[5] PFR File, Tab 4 at 5, Tab 5 at 9-10 (ordering him to "active duty training school"); *cf. Brown*, 106 M.S.P.R. 12, ¶ 15 (observing that the fact that "inactive-duty training" is defined separately from "active duty" in title 10 and is not otherwise referenced in or by the SCRA makes it likely that it does not constitute "military service" under the SCRA). Even assuming, without deciding, that the appellant's attendance at active-duty training school constitutes "military service" under the SCRA that tolled the relevant 30-day filing period for 13 days, from April 14 through 26, 2019, his Board appeal still would be 15 days untimely. Specifically, because the 43rd day after the April 6, 2019 date on which the appellant received the agency's FAD fell on Sunday, May 19, 2019, the filing deadline would have been Monday, May 20, 2019. *See* 5 C.F.R. §§ 1201.23, 1201.154(b)(1). Thus, the appellant's June 4, 2019 appeal would have been filed 15 days past the May 20, 2019 deadline.

The appellant's remaining Army orders concern the following duty periods: January 28 through 29, 2019; March 31 through April 5, 2019; and June 8 through 27, 2019. PFR File, Tab 1 at 5-9. These potential periods of "military service" under the SCRA cannot serve to toll the filing period for this Board appeal because they did not occur during the relevant period discussed above, from April 6 through May 20, 2019. Moreover, the appellant does not argue, and the record does not establish, that he performed "military service" under the

---

[5] The record before the administrative judge reflects that the appellant is a member of the Army Reserve. IAF, Tab 6 at 84, 87, 103, 115, 120. The appellant's claimed periods of active-duty military service from May 2014 through March 2018 occurred more than 1 year before he received the agency's April 2019 FAD. ID at 7; IAF, Tab 9 at 40-41. Thus, they are not relevant to the dispositive issue of whether the appellant timely filed this removal appeal with the Board after receiving the agency's FAD. Moreover, the administrative judge properly informed the appellant that he could file a separate Board appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994. ID at 4-5.

SCRA on any of the monthly "Battle Assembly" dates for fiscal year 2019 contemplated in the September 17, 2018 Army memorandum. *Id.* at 14-15; *cf. Brown*, 106 M.S.P.R. 12, ¶ 15 n.3 (noting that at least one court has determined under the former SSCRA that regular, weekend reserve duty did not qualify as "active duty" within the meaning of the SSCRA's tolling provision).

In addition, we find that the appellant's arguments and evidence submitted on review do not show good cause for the untimely filing of his Board appeal. Although the appellant's pro se status is a factor weighing in his favor, *see Allen*, 97 M.S.P.R. 665, ¶ 8, we find that it is outweighed by the other relevant factors, *see Moorman*, 68 M.S.P.R. at 62-63. In particular, a 15-day filing delay is not minimal. *See Allen*, 97 M.S.P.R. 665, ¶ 8 (finding a 14-day delay not minimal). As discussed in the initial decision, the agency's FAD expressly informed the appellant of the 30-day filing deadline. ID at 7; IAF, Tab 6 at 24-25. Further, the appellant's claims that he sought help from attorneys and was busy preparing for the June 2019 Global Medic exercise do not establish good cause for the filing delay. PFR File, Tab 1 at 4, 10-12; *see Huskins v. U.S. Postal Service*, 100 M.S.P.R. 664, ¶ 6 (2006) (stating that an appellant's inability to retain or afford an attorney does not establish good cause for a filing delay); *see also Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 9 (2003) (observing that the Board has held that general personal difficulties do not constitute good cause for waiving a filing deadline). Moreover, the appellant has not presented any evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from timely filing his appeal. *See Moorman*, 68 M.S.P.R. at 63.

Accordingly, we affirm the dismissal of this removal appeal as untimely filed without good cause shown.[6]

---

[6] The appellant's argument on review that his case has merit and he was discriminated against is immaterial to the dispositive timeliness issue. PFR File, Tab 1 at 4; *see Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008) (finding that the appellant's assertions and submissions concerning the merits of his appeal did not

**NOTICE OF APPEAL RIGHTS[7]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

establish good cause for waiving the filing deadline because they did not pertain to the timeliness issue).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:    _____
                  Gina K. Grippando
                  Clerk of the Board

Washington, D.C.